## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

Brian Duffy as limited legal guardian
for Caleb Duffy,

                    Plaintiff,

v.

Heidi Brown, Mai Cha, Lisa Deneve,
Nicholas Erickson, Robert Hansen,
Michael Johnson, Lucio Marquez-
Zazueta, Thomas Mensing, Virginia
Olson, Tim Parker, Winona Pavilla,
Amanda Reiman, and Tsha Vang, all in
their individual capacity, Advanced
Correctional Healthcare, Inc., and
Dakota County,

                    Defendants,

and

Dakota County,

                    Third Party Plaintiff,

v.

USA Medical & Psychology Staffing,
S.C.,

                    Third Party
                    Defendant.

Court File No.:  24-cv-02777
(PJS/JFD)

**COUNTY DEFENDANTS'
ANSWER, CROSSCLAIM,
AND THIRD-PARTY
COMPLAINT**

---

COMES NOW, Defendant Dakota County (hereinafter "**the County**"),

and individually Defendants Mai Cha, Lisa Holm DeNeve, Nicholas Erickson,

Robert Hansen, Michael Johnson, Lucio Marquez-Zazueta, Thomas Mensing, Tim Parker, Winona Pavilla, and Tsha Vang (collectively, "**the Deputies**") (the County and the Deputies are sometimes collectively referred to as "**the County Defendants**"), and for their answer to the complaint herein, state and allege as follows:

1.      Except as otherwise admitted or qualified herein, the County Defendants deny the allegations and hold Plaintiff to his strictest burden of proof thereof.

2.      The County Defendants admit the allegations in paragraphs 5, 6, 9, 27, 28, 60, 78, 79, 80, 81, 84, 85, 87, 88, 89, 90, 95, 101, 103, 124, 136, 142, and 143 of the complaint.

3.      The County Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraphs 4, 11, 55, 56, 58, 59, 61, 71, 72, 73, 74, 75, 83, 91, 92, 99, 100, 102, 104, 105, 126, 135, 137, 138, 144, 145, 146, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, and 159 of the complaint, and therefore effectively deny the same.

4.      Paragraphs 1, 2, 7, 8, 12, 13, 76, 77, 98, 107, 113, 127, 133, 134, and 147 of the complaint make legal conclusions to which no response is require. To the extent a response is required, the County Defendants deny the allegations.

- 2 -

5.     The County Defendants are without sufficient knowledge or information to admit or deny paragraph 3 and therefore deny the same. The County Defendants affirmatively assert Caleb Duffy's other co-guardian is Julianne Colt who is not a party to this suit.

6.     Paragraph 10 of the complaint makes legal conclusions to which no response is required. To the extent a response is required, the County Defendants admit Advanced Correctional Health, Inc. (hereinafter "**ACH**") is under contract with the County to provide healthcare to inmates and detainees at the Dakota County Jail and deny the remainder of the allegations.

7.     Paragraphs 14, 22, 25, 82, 86, of the complaint makes legal conclusions to which no response is required. To the extent a response is required, the County Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

8.     Paragraphs 15, 16, 17, 18, 19, 20, and 21 of the complaint make legal conclusions to which no response is required. To the extent a response is required, the County Defendants admit the Deputies were employees of the County at all times relevant herein, deny that Lisa Holm DeNeve is correctly identified by her proper name in paragraph 16 of the complaint, and deny the remainder of the allegations.

9.     Paragraphs 23 and 24 of the complaint make legal conclusions to which no response is required. To the extent a response is required, the County

Defendants admit the Deputies were employees of the County at all times relevant herein, and deny the remainder of the allegations.

10.     Paragraph 26 of the complaint makes legal conclusions to which no response is required. To the extent a response is required, the County Defendants admit Deputy Tsha Vang was an employee of the County at all times relevant herein and deny the remainder of the allegations.

11.     Paragraphs 29 through 52 of the complaint allege medical information that appears to relate to Plaintiff's claims in this action. The County Defendants deny the information is accurate, deny the information is relevant to Plaintiff's claims, deny any allegation or inference concerning this information, and deny Plaintiff is entitled to any relief in this matter and put Plaintiff to his strictest burden of proof thereof.

12.     Paragraphs 53 and 54 of the complaint allege information connected to a separate legal proceeding, which proceeding speaks for itself. To the extent a response is required from the County Defendants, the County Defendants admit Caleb Duffy is subject to a limited co-guardianship and are without sufficient information to admit or deny the remaining allegations and effectively denies the same.

13.     Paragraph 57 of the complaint alleges information connected to a separate legal proceeding, which proceeding speaks for itself. To the extent a response is required from the County Defendants, the County Defendants are

- 4 -

without sufficient information to admit or deny the remaining allegations and effectively denies the same.

14.     For paragraph 65 of the complaint, the County Defendants admit that on July 5, 2022, the County first learned from Caleb Duffy that he had diabetes. The County Defendants deny the remainder of the allegations in paragraph 65 of the complaint.

15.     For paragraph 66 of the complaint, the County Defendants admit checking Caleb Duffy's blood sugar level and the test result showed "531." The County Defendants deny the remainder of the allegations contained in paragraph 66 of the complaint.

16.     For paragraphs 67 through 70 of the complaint, the County Defendants admit people employed by ACH, with which the County contracted, or USA Medical & Psychology Staffing, S.C., ("**USA Med**"), provided medical services to Caleb Duffy at approximately 6:05 a.m. on July 5, 2022, ordered blood sugar checks be conducted on Caleb Duffy and insulin be administered based on those test results, and Caleb Duffy was provided with 14 units of Novolin R insulin at that time. The County Defendants deny the remainder of the allegations contained in paragraphs 67 through 70 of the complaint.

17.     The County Defendants admit in paragraphs 93 and 96 of the complaint that Deputy Holm DeNeve made the alleged watch log notations,

- 5 -

but deny the remaining allegations contained in paragraphs 93 and 96 of the complaint.

18.     The County Defendants admit in paragraphs 94 and 97 of the complaint that Deputy Pavilla made the alleged watch log notations, but deny the remaining allegations contained in paragraphs 94 and 97 of the complaint.

19.     The County Defendants admit in paragraph 109 of the complaint that Captain James Gabriel made the alleged notations concerning Caleb Duffy, among other notations made during that same time period, but deny the remaining allegations contained in paragraph 109 of the complaint.

20.     For paragraph 110 of the complaint, the County Defendants admit Captain James Gabriel's notations document the condition of Caleb Duffy and deny the remaining allegations contained in paragraph 110 of the complaint.

21.     For paragraphs 111 and 112, the County Defendants admit Deputy Tsha Vang recorded notations in the watch log, and the watch log speaks for itself, and deny the remaining allegations in paragraphs 111 and 112 of the complaint.

22.     Paragraph 117 of the complaint makes legal conclusions to which no response is required. To the extent a response is required, the County Defendants admit Deputy Erickson, Corporal Parker, Deputy Johnson, and Deputy Vang conducted wellness checks on Caleb Duffy and deny the remaining allegations in paragraph 117 of the complaint.

- 6 -

23.     The County Defendants admit the allegation in paragraph 123 of the complaint that Deputies Vang, Erickson, Johnson, Marquez-Zazueta, and Pavilla conducted well-being checks on Caleb Duffy, and deny the remaining allegations contained in paragraph 123 of the complaint.

24.     The County Defendants admit the allegation in paragraph 130 of the complaint that Caleb Duffy suffered a self-inflicted head injury and deny the remaining allegations in paragraph 130 of the complaint.

25.     For paragraphs 131 and 132 of the complaint, the County Defendants admit Deputies Hansen and Mensing conducted well-being checks on Caleb Duffy, affirmatively state Deputy Cha did not conduct any well-being checks on Caleb Duffy, and deny the remaining allegations contained in paragraphs 131 and 132 of the complaint.

26.     For paragraph 139 of the complaint, the County Defendants admit nursing and correctional staff arrived at approximately 8:46 a.m. to provide medical services to Caleb Duffy and deny the remaining allegations or are without sufficient information to admit or deny the remaining allegations and deny the same.

27.     For paragraph 140 of the complaint, the County Defendants admit an ambulance was called to transport Caleb Duffy and are without sufficient information to admit or deny the remaining allegations in paragraph 140 of the complaint and effectively deny the same.

- 7 -

28.     For paragraph 141 of the complaint, the County Defendants admit correctional deputies restrained Caleb Duffy to avoid any self-inflicted harm and are without sufficient information to admit or deny the remaining allegations and effectively deny the same.

29.     Paragraphs 160, 172, and 182 recite and incorporate by reference prior allegations made by the Plaintiff. To the extent a response is required, the County Defendant's incorporate their prior responses in reference to those paragraphs as if fully restated herein.

30.     Paragraphs 161 through 171 of the complaint make legal conclusions to which no response is required. To the extent a response is required, the County Defendants deny all allegations directed against the County Defendants, specifically deny the County Defendants acted with deliberate indifference, specifically deny acting with malicious or reckless disregard to Caleb Duffy's rights, deny the Plaintiff has a valid claim against the County Defendants, and deny the Plaintiff is entitled to any relief for any alleged claim against the County Defendants.

31.     Paragraphs 173 through 181 of the complaint asserts legal conclusions and make allegations directed at other parties to which no response is required. To the extent a response is required, the County Defendants deny all allegations directed against the County Defendants, deny the Plaintiff has a valid claim against the County, and deny the Plaintiff is

- 8 -

entitled to any relief for any alleged claim against the County Defendants. The County Defendants affirmatively state Plaintiff is not entitled to seek punitive damages for any state law claims under Minnesota Statutes Sections 549.191 through 549.20.

32.     Paragraphs 183 through 190 of the complaint assert legal conclusions to which no response is required. To the extent a response is required, the County Defendants deny all allegations directed against the County Defendants, deny the Plaintiff has a valid claim against the County, and deny the Plaintiff is entitled to any relief for any alleged claim against the County Defendants. The County Defendants affirmatively state Plaintiff is not entitled to seek punitive damages for any state law claims under Minnesota Statutes Sections 549.191 through 549.20.

## AFFIRMATIVE DEFENSES

As and for the County Defendants' affirmative defenses, the County Defendants state and allege as follows:

1.      Plaintiff's claims may be barred by a lack of standing.

2.      Plaintiff's claims may be barred by various immunity doctrines including, but not limited to, statutory, official, and qualified immunity.

3.      Plaintiff's claims are subject to the following affirmative defenses:

     a.      Assumption of risk;

     b.      Contributory negligence and comparative fault;

    c.      Estoppel;

    d.      Laches;

    e.      Res judicata;

    f.      Statute of limitations;

    g.      Assignment of claim;

    h.      Unclean hands; and

    i.      Election of remedies.

4.    Plaintiff's claims may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure. The County Defendants incorporate all such affirmative defenses as if set forth in full herein.

## CROSSCLAIM AND THIRD-PARTY COMPLAINT

COMES NOW, the County, as and for its crossclaim and third-party complaint against ACH, Brown, Raiman, Olson, and USA Med, and states and alleges as follows:

## PARTIES

1.    Upon information and belief, Caleb Duffy ("**Caleb**") is, and at all material times herein was, a citizen of the State of Minnesota.

2.      Upon information and belief, Brian Duffy was appointed as co-guardian for Caleb ("**Plaintiff**") and is, and at all times material herein was, a citizen of the State of Minnesota.

3.      Upon information and belief, ACH is, and at all material times herein was, a citizen of every state in which it has a principal place of business, including the State of Minnesota.

4.      Upon information and belief, Heidi Brown ("**Brown**") is, and at all material times herein was, a citizen of the State of Minnesota.

5.      Upon information and belief, Amanda Reiman ("**Reiman**") is, and at all material times herein was, a citizen of the State of Minnesota.

6.      Upon information and belief, Virginia Olson ("**Olson**") is, and at all material times herein was, a citizen of the State of Minnesota.

7.      Upon information and belief, USA Med is, and at all material times herein was, a citizen of every state in which it has a principal place of business, including the State of Minnesota.

## JURISDICTION AND VENUE

8.      Plaintiff commenced the underlying action pursuant to 42 U.S.C. §§ 1983 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). The aforementioned statutory and constitutional provisions confer original jurisdiction to this Court over the underlying action. This Court has supplemental jurisdiction

over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  This Court

has supplemental jurisdiction over the County's crossclaim and third-party

complaint pursuant to 28 U.S.C. § 1367(a) because such claims are so related

to Plaintiff's claims that they form part of the same case or controversy under

Article III of the United States Constitution.

9.     Venue is proper in this Court under 28 U.S.C. §1391(b) because all

incidents, events, and occurrences giving rise to this action occurred in the

District of Minnesota.

## BACKGROUND

10.    The County restates and realleges the previous paragraphs herein

and further state and allege as follows:

**The Dakota County Jail and ACH**

11.    The County operates a correctional facility located in Hastings,

Minnesota in Dakota County ("**the Dakota County Jail**").

12.    On or about January 11, 2022, the County contracted with ACH

for it to provide medical services to or for inmates housed within the Dakota

County Jail. A true and accurate copy of the contract is attached hereto as

Exhibit 1 ("**ACH Contract**").

13.    The ACH contract contains the following provision:

To the greatest extent allowed by law, in the performance of or
failure to perform this Contract, [ACH] shall indemnify, defend (in
the case of third-party claims, with counsel satisfactory to County),

and hold harmless the County, its officers, agents, and employees, from and against any actual or alleged loss, litigation cost (including, but not limited to, reasonable attorneys' fees and costs and expenses of defense), costs, settlement, judgment, demands, damage, liability, lien, debt, injury, harm, fees, fines, penalties, interest, expenditure, diminution in value, disbursement, action, claim, proceeding, or dispute of any sort, including alleged employment interference claims, (collectively "Losses"), whether or not involving a third party, which are attributable to ACH's, or ACH's agents', independent contractors', employees', or delegatees', actual or alleged:

    A.    Intentional, willful, or negligent acts or omissions; or

    B.    Actions or omissions that give rise to strict liability; or

    C.    Negligent or intentional misrepresentation, breach of warranty, covenant, contract, or subcontract

whether or not well-founded in fact or in law, known or unknown, foreseen or unforeseen, fixed or contingent and howsoever originating or existing, and whether or not based upon statute, common law, or equity. This indemnity provision survives expiration or termination of this Contract.

("**ACH Defense and Indemnification Clause**").

14.    Upon information and belief and unbeknownst to the County, ACH contracted with Brown as an independent contractor to provide medical care or treatment to inmates incarcerated in the Dakota County on behalf of ACH. At all times material herein, the County believed that Brown was an employee of ACH.

- 13 -

15.     Upon information and belief and unbeknownst to the County, ACH contracted with USA Med to provide medical care or treatment to inmates incarcerated in the Dakota County on behalf of ACH.  At all times material herein, the County believed that ACH was providing the medical staff for the Dakota County Jail.

16.     Upon information and belief, and unbeknownst to the County, USA Med employed Reiman and Olson to provide medical care or treatment to inmates incarcerated in the Dakota County on behalf of USA Med, on behalf of ACH.  At all times material herein, the County believed that Reiman and Olson were employees of ACH.

## Caleb's Incarceration and the County's Notice to ACH of a Potential Claim

17.     Plaintiff was booked into the Dakota County Jail on July 4, 2022.

18.     Caleb had medical issues during his incarceration.

19.     On July 20, 2022, pursuant to the terms of the Contract, the County gave formal notice to ACH of an event or fact involving Caleb that may give rise to a right to a defense and indemnification by the County against ACH under the terms of the Contract. A true and accurate copy of the correspondence is attached hereto as Exhibit 3.

20.     The County received no response from ACH regarding this notice.

- 14 -

21.     On January 24, 2023, Plaintiff sent the County a notice of claim. A true and accurate copy of the notice is attached hereto as <u>Exhibit 4.</u>

22.     On January 26, 2023, Plaintiff provided ACH with a copy of the notice of claim.  A true and accurate copy of the correspondence is attached hereto as <u>Exhibit 5</u>.

23.     The County received no response from ACH.

24.     On July 18, 2024, the County received notice that Plaintiff filed this lawsuit.

25.     On July 24, 2024, pursuant to the terms of the Contract, the County gave formal notice to ACH of the lawsuit and demanded a defense and indemnification from the claims pursuant to the terms of the Contract. A true and accurate copy of the correspondence is attached hereto as <u>Exhibit 6</u>.

26.     The County received no response from ACH regarding this notice.

27.     On August 16, 2024, pursuant to the terms of the Contract, the County again gave formal notice to ACH of the lawsuit and demanded a defense and indemnification from the claims pursuant to the terms of the Contract. A true and accurate copy of the correspondence is attached hereto as <u>Exhibit 7</u>.

28.     By September 3, 2024, the County had received no response to any of its notices to ACH.

29.    As a professional courtesy, at 10:16 a.m., on September 3, 2024, the County sent ACH's attorney in this lawsuit a courtesy copy of this answer, crossclaim, and third-party complaint and requested ACH advise the County by September 4, 2024, whether it would grant the County's request for a defense and indemnification.

30.    Later that day, the County received a response from "Gallagher Bassett Healthcare," which it claimed "has been retained by Advanced Correctional Healthcare . . . to manage the above captioned claim on their behalf. The letter denied the County a defense and indemnification.  To date, the County still has not received a response directly from ACH regarding its contractual duty to defend and indemnify the County. **The Lawsuit**

30.    Plaintiff commenced a lawsuit against the County resulting from Caleb's incarceration.  A true and accurate copy of the complaint, along with all other pleadings filed to-date, is attached hereto as Exhibit 2.

31.    Plaintiff's complaint alleges that the County had a duty to provide medical care or treatment to Caleb while he was incarcerated in the Dakota County Jail.

32.    Because the County contracted with ACH to provide said medical care or treatment, and they agreed to provide such medical care or treatment on behalf of the County, ACH, Brown, USA Med, Reiman, and Olson had a

duty to provide medical care or treatment to Caleb while he was incarcerated in the Dakota County Jail.

33.    Plaintiff's complaint alleges that the County was wrongful and negligent in providing or failing to provide medical care or treatment to Caleb while he was incarcerated in the Dakota County jail.

34.    Because the County contracted with ACH to provide medical care or treatment, and they agreed to provide such medical care or treatment on behalf of the County, if there were any wrongful conduct or negligence in such medical treatment or failure to provide medical treatment, ACH, Brown, USA Med, Reiman, and Olson were wrongful or negligent, not the County.

35.    Plaintiff's complaint alleges that Caleb sustained damages as a result of the County's allegedly wrongful or negligent conduct.

36.    Because the County contracted with them to provide medical care or treatment, and they agreed to provide such medical care or treatment on behalf of the County, if Caleb suffered any damages as a result of wrongful conduct or negligence in medical treatment or failure to provide medical treatment while incarcerated in the Dakota Count Jail, ACH, Brown, USA Med, Reiman, and Olson caused those damages, not the County.

## CROSSCLAIM

### COUNT I
### DECLARATORY JUDGMENT—CONTRACTUAL DEFENSE AND INDEMNIFICATION

**(ACH)**

37.     The County restates and realleges the previous paragraphs herein and further states and alleges as follows:

38.     Minnesota's declaratory judgment act and 22 U.S.C. § 2201 allows this Court to declare the rights, responsibilities, and obligations of the parties to a contract.

39.     ACH promised in the Contract to defend and indemnify the County from and against all claims and loses arising out of allegations of ACH's or its agents' negligence and wrongful conduct.

40.     Plaintiff asserts a claim or claims against ACH or its agents' negligence or wrongful conduct.

41.     As a result, the County seeks a declaration from the Court that ACH must coordinate with the County to retain legal counsel for the County as selected in the sole discretion of the County and retain such legal counsel for the County Defendants to defend them against the claims asserted by Plaintiff  in this matter, and pay such legal counsel's retainer, if any, and all attorneys' fees and legal costs charged by such legal counsel for the County Defendants' defense as required by such legal counsel.

**COUNT II**
**COMMON LAW CONTRIBUTION AND INDEMNITY—ALTERNATIVE TO COUNT I**
**(ACH)**

42.     The County restates and realleges the previous paragraphs herein and further states and alleges as follows:

43.     To the extent that the County is found to have any liability to Plaintiff, any and all such liability is the result, in whole or in part, of ACH's own negligent or wrongful conduct.

44.     As a direct and proximate result, the County sustained damages in an amount to be determined at trial plus pre-judgment interest, attorneys' fees, and costs and disbursements.  This prayer for relief specifically demands attorneys' fees as allowed by Minnesota common law for contribution and indemnity.

45.     The County hereby tenders defense and indemnification of the County Defendants to ACH.

### COUNT III
### BREACH OF CONTRACT
### (ACH)

46.     The County restates and realleges the previous paragraphs herein and further states and alleges as follows:

47.     The County and ACH entered into a contract whereby for valuable consideration, ACH agreed to defend and indemnify the County from and against any and all claims of third parties arising out of ACH's or its agents' wrongful or negligent conduct.

48.    Plaintiff—a third party—has made a claim against the County arising out of ACH's or its agents' wrongful or negligent conduct.

49.    ACH has refused to defend and indemnify the County.

50.    As a direct and proximate result, the County has sustained damages for, but not limited to, the attorneys' fees and legal expenses for its present legal counsel.

51.    For any expenses incurred by the County as a direct result of ACH's breach of contract, the County is entitled to disallow, reduce, or offset future payments under the parties' contract.

**COUNT IV**
**COMMON LAW CONTRIBUTION AND INDEMNITY**
**(Brown)**

52.    The County restates and realleges the previous paragraphs herein and further states and alleges as follows:

53.    To the extent that the County is found to have any liability to Plaintiff, any and all such liability is the result, in whole or in part, of Brown's own wrongful or negligent conduct.

54.    As a direct and proximate result, the County sustained damages in an amount to be determined at trial plus pre-judgment interest, attorneys' fees, and costs and disbursements.  This prayer for relief specifically demands

attorneys' fees as allowed by Minnesota law for common law contribution and indemnity.

55.     The County hereby tenders defense and indemnification of the County Defendants to Brown.

## COUNT V
## COMMON LAW CONTRIBUTION AND INDEMNITY
### (Reiman)

56.     The County restates and realleges the previous paragraphs herein and further states and alleges as follows:

57.     To the extent that the County is found to have any liability to Plaintiff, any and all such liability is the result, in whole or in part, of Reiman's own wrongful or negligent conduct.

58.     As a direct and proximate result, the County sustained damages in an amount to be determined at trial plus pre-judgment interest, attorneys' fees, and costs and disbursements.  This prayer for relief specifically demands attorneys' fees as allowed by Minnesota law for common law contribution and indemnity.

59.     The County hereby tenders defense and indemnification of the County Defendants to Reiman.

## COUNT VI
## COMMON LAW CONTRIBUTION AND INDEMNITY
### (Olson)

60.     The County restates and realleges the previous paragraphs herein and further states and alleges as follows:

61.     To the extent that the County is found to have any liability to Plaintiff, any and all such liability is the result, in whole or in part, of Olson's own wrongful or negligent conduct.

62.     As a direct and proximate result, the County sustained damages in an amount to be determined at trial plus pre-judgment interest, attorneys' fees, and costs and disbursements.  This prayer for relief specifically demands attorneys' fees as allowed by Minnesota law for common law contribution and indemnity.

63.     The County hereby tenders defense and indemnification of the County Defendants to Olson.

## THIRD-PARTY COMPLAINT

### COUNT I
### COMMON LAW CONTRIBUTION AND INDEMNITY
### (USA Med)

1.     The County restates and realleges the previous paragraphs herein, including those in its crossclaim, and further states and alleges as follows:

2.     To the extent that the County is found to have any liability to Plaintiff, any and all such liability is the result, in whole or in part, of USA Med's own wrongful or negligent conduct.

3.      As a direct and proximate result, the County sustained damages in an amount to be determined at trial plus pre-judgment interest, attorneys' fees, and costs and disbursements.  This prayer for relief specifically demands attorneys' fees as allowed by Minnesota law for common law contribution and indemnity.

4.      The County hereby tenders defense and indemnification of the County Defendants to USA Med.

**WHEREFORE**, the County Defendants demand judgment as follows:

1.      Dismissing Plaintiff's complaint with prejudice;

2.      A declaration that ACH must coordinate with the County to retain legal counsel for the County as selected in the sole discretion of the County,  retain such legal counsel for the County to defend the County Defendants against the claims asserted by Plaintiff in this matter, and pay such legal counsel's retainer, if any, and all attorneys' fees and legal costs charged by such legal counsel for the County Defendants' defense as required by such legal counsel.

3.      Judgment against ACH, Brown, Reiman, Olson, and USA Med, jointly and severally, for any damages for which the County may be liable to Plaintiff.

4.      Awarding the County Defendants their costs and disbursements and attorneys' fees as may be allowed by contract or law; and

5.      For any such other relief as the Court deems just and equitable.

Dated: September 4, 2024.

**KATHRYN M. KEENA**
**DAKOTA COUNTY ATTORNEY**


By:/s/Justin J. Hagel
    Justin J. Hagel (#0504305)
    William M. Topka (#0339003)
Assistant County Attorneys
1560 Highway 55
Hastings, Minnesota 55033
(651) 438-4438
justin.hagel@co.dakota.mn.us
william.topka@co.dakota.mn.us
*Attorneys for Dakota County, Mai*
*Cha, Lisa Holm DeNeve, Nicholas*
*Erickson, Robert Hansen, Michael*
*Johnson, Lucio Marquez-Zazueta,*
*Thomas Mensing, Tim Parker,*
*Winona Pavilla, and Tsha Vang*